IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AVERY J. HARDAWAY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 24–1782 |
| | : | |
| PHILADELPHIA POLICE 22ND-23RD, | : | |
| TEMPLE UNIVERSITY MINI POLICE | : | |
| STATION, ACME MARKETS, and | : | |
| INSOMNIA COOKIES | : | |

# MEMORANDUM

KEARNEY, J.                                                                                          May 1, 2024

Philadelphian Avery J. Hardaway *pro se* sues a Philadelphia Police precinct and Temple University police station, a bakery chain store, and a supermarket for violating Pennsylvania criminal laws arising from an unplead supermarket employee assaulting him in the supermarket in July 2023.  He asks us to enforce Pennsylvania criminal law or hold police stations liable for not pursuing or charging an unplead person with harming him in a supermarket. We granted him leave to proceed without paying the filing fees and must screen his allegations before issuing summons. Mr. Hardaway does not plead a basis for our limited subject matter jurisdiction. We dismiss Mr. Hardaway's claims without prejudice to grant him an opportunity to plead facts allowing us to exercise our limited subject matter jurisdiction including naming state actors (not police stations) if he can do so consistent with the Law.

## I.    Alleged pro se facts

Unidentified Acme supermarket store managers and security "grabbed and pushed and shoved" Avery J. Hardaway and assaulted him by chasing him with a broom and other "aisle items."[1] He asked Acme employees and security to call the police but no one did.[2] Mr.

Hardaway walked to Temple University "mini police station" where he called 911 twice. No one responded.[3] He alleges this conduct occurred from July 11 until July 15, 2023.[4]

## II.   Analysis

Philadelphian Avery J. Hardaway sues the Philadelphia 22nd–23rd Police Department, Temple University "Mini Police Station," Insomnia Cookies, and Acme Markets claiming simple assault under 18 PA. CONS. STAT. § 2701, aggravated assault under 18 PA. CONS. STAT. § 2701, and "ignorance" under 18 PA. CONS. STAT. § 304.[5] We granted Mr. Hardaway leave to proceed without paying the filing fees after studying his sworn financial condition.[6]

Congress requires us to screen this Complaint after we granted Mr. Hardaway leave to proceed without paying the filing fees. Congress requires we screen the complaint and dismiss if the claims are "frivolous, malicious, fail[ ] to state a claim on which relief may be granted, or seek[ ] monetary relief from a defendant who is immune from such relief."[7] "The standard for dismissal of a complaint under . . . § 1915(e)(2)(B) is the same standard provided for in Federal Rule of Civil Procedure 12(b)(6)."[8] We construe Mr. Hardaway's Complaint liberally and "hold it to 'less stringent standards than formal pleadings drafted by lawyers.'"[9]

Mr. Hardaway checked the boxes on the form Complaint indicating he invokes both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a).[10] "Courts have an independent obligation to determine whether subject-matter jurisdiction exists."[11] Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States."[12] Federal question jurisdiction must appear on the face of the complaint.[13] We may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[14] Complete

diversity is required to invoke diversity jurisdiction.[15] No party can be a citizen of the same state as any opposing party.

Mr. Hardaway cites three state criminal laws.[16] Mr. Hardaway does not plead an independent basis for our jurisdiction over these claims. Mr. Hardaway pleads all parties are Pennsylvania citizens. We cannot exercise diversity jurisdiction where the parties lack complete diversity.

Mr. Hardaway also does not plead a federal question. We liberally construe Mr. Hardaway as attempting to state a federal civil rights claim under 42 U.S.C. § 1983. "To state a claim under [section] 1983, [Mr. Hardaway] must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."[17]

Mr. Hardaway cannot state a claim under section 1983 based on law enforcement's alleged failure to respond to 911 calls because Mr. Hardaway does not have a constitutional right to protection from private violence.[18] "A governmental entity cannot deliberately harm a private citizen or engage in behavior that shocks the conscience, but where the government entity does not create the danger (as for example by confining a person in prison with his assailant), the failure to protect an individual against private violence does not violate any federal right."[19] Mr. Hardaway does not allege the police or any other state actors created a danger.  He instead claims the police did not charge the supermarket employees. He does not have a constitutional right to protection from private acts of violence. We cannot discern another basis for a federal claim based on Mr. Hardaway's allegations.

## III.    Conclusion

We dismiss Mr. Hardaway's Complaint without prejudice to timely filing an amended Complaint if he can swear facts allowing us to exercise federal subject matter jurisdiction or he may timely seek recovery in state court.

---

[1] ECF No. 1 at 4.

[2] *Id.*

[3] *Id.*

[4] *Id.* at 4.

[5] *Id.* at 3.

[6]  ECF No. 5.

[7]  28 U.S.C. § 1915(e)(2)(B)(i)–(iii). *See also* ECF Nos. 1, 5.

[8] *Alford v. Laquise*, No. 14-13, 2014 WL 3368874, at *2 (M.D. Pa. July 9, 2014), *aff'd*, 604 F. App'x 93 (3d Cir. 2015).

[9] *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[10] ECF No. 1 at 3.

[11] *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citation omitted).

[12] 28 U.S.C. § 1331.

[13] *Lott v. Duffy*, 579 F. App'x 87, 89–90 (3d Cir. 2014) (per curiam) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987)).

[14] 28 U.S.C. § 1332(a).

[15] *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022).

[16] ECF No. 1 at 3. Mr. Hardaway cites to 18 PA. CONS. STAT. § 304 purporting to state a claim for "ignorance." The General Assembly through Section 304 provides a defense to criminal

defendants for "ignorance or mistake as to a matter of fact." Section 304 does not provide an independent basis for criminal liability under Pennsylvania law.

[17] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[18] *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) ("As a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); *Fullman v. City of Philadelphia*, No. 23-3073, 2024 WL 1637550, at *2 (3d Cir. Apr. 16, 2024) ("A victim of a private act of violence generally has no due process right to police protection or enforcement of state laws.").

[19] *Estes v. Hous. Auth.*, No. 23-120, 2023 U.S. Dist. LEXIS 103817, at *3 (W.D. Pa. June 13, 2023) (citation omitted).